IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALEB BRADLEY,

       Plaintiff,

v.                                                           Case No. 1:25-cv-00030-SMD-LF

AMAZON,

       Defendant.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND**

      This matter comes before the Court on plaintiff Caleb Bradley's Motion to Amend and Change, filed June 6, 2025. Doc. 38. Defendant Amazon.com Services LLC ("Amazon") filed a response in opposition to the motion. Doc. 42. Subsequently, Mr. Bradley filed another document, Doc. 43, which he stylized on the docket as another motion to amend. Due to the document's contents, the Court construes Mr. Bradley's "Amend motion answer response," *id.* at 1, as a reply. Having reviewed the parties' filings and the applicable law, the Court DENIES the motion to amend (Doc. 38) for the reasons below.[1]

**BACKGROUND AND LEGAL STANDARD**

      Mr. Bradley filed his complaint against Amazon on January 10, 2025. Doc. 1. He filed his motion to amend nearly six months later on June 6, 2025. Doc. 38. He seeks to amend his complaint to "change the statute the negligen[ce] claim is under"; he initially claimed negligence under "F.E.L.A[.]" (which the Court construes as the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*), but now seeks to claim common law negligence. Doc. 38.

---

[1] D.N.M.LR-Civ. 15.1 states, "A proposed amendment to a pleading must accompany the motion to amend." Mr. Bradley did not attach a proposed amended complaint to his motion to amend. The Court denies the motion to amend for this reason as well as the reasons stated below.

A plaintiff may amend once as a matter of course within twenty-one days of service the complaint or twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although a court "should freely give leave when justice so requires," *id.*, a motion to amend should be denied under limited circumstances: "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010). Amazon argues that the Court should deny the motion to amend because it is futile. Doc. 42 at 1.

## ANALYSIS

Amazon argues that Mr. Bradley's "negligence claim would be subject to dismissal as amended" because he "seeks to recover for work-related injuries" for which the "exclusive remedy" is the New Mexico Workers' Compensation Act ("NMWCA"). Doc. 42 at 3. Mr. Bradley replies that the NMWCA's exclusivity requirement "has exemptions," specifically including "handling claims in bad faith." Doc. 43 at 1.

As a general matter, the NMWCA limits an employee to filing claims with the workers' compensation administration, rather than in federal or state court, under specific circumstances. *Finn v. Tullock*, 2023-NMCA-002, ¶ 3, 521 P.3d 1238, 1240–41. This limitation—the exclusivity provision—applies when 1) the employer has complied with workers' compensation insurance coverage requirements, 2) "at the time of the accident, the employee is performing service arising out of and in the course of his employment," and 3) "the injury or death is proximately caused by [an] accident arising out of and in the course of his employment and is not

2

intentionally self-inflicted." *Id.* "[I]f the NMWCA provides benefits for a work-related injury, an employee is precluded from pursuing a negligence action against [his] employer." *Quintero v. N.M. Dep't of Transp.*, 2010-NMCA-081, ¶ 6, 242 P.3d 470, 472, 148 N.M. 903, 905.

      Mr. Bradley argues that bad faith claim mishandling by his employer is an exception to the exclusivity requirement, Doc. 43 at 1, but this statement misapprehends the law. New Mexico Statutes Section 52-1-28.1(A) states, "Claims may be filed under the Workers' Compensation Act alleging unfair claim-processing practices by an employer, insurer or claim-processing representative relating to any aspect of the Workers' Compensation Act." That is, an individual may file a *workers' compensation* claim on the basis that his employer handled his previous claim in bad faith. The NMWCA continues to provide the exclusive remedy for such claims. *Kitchell v. Pub. Serv. Co. of N.M.*, 1998-NMSC-051, ¶ 12, 972 P.2d 344, 348, 126 N.M. 525, 529; *Coleman v. Eddy Potash, Inc.*, 1995-NMSC-063, ¶ 24 n.3, 905 P.2d 185, 192, 120 N.M. 645, 652. In other words, bad faith is not an exception to the exclusivity provision of the NMWCA; rather, bad faith claim mishandling is a basis upon which an employee may file a subsequent workers' compensation claim *under* the NMWCA.

      Apart from allegations of bad faith claim mishandling, the rest of Mr. Bradley's reply contains allegations against Amazon including "[t]he intentional tort" of "fraudulent concealment" and knowingly placing Mr. Bradley in dangerous work environments. *See generally* Doc. 43. Willful misconduct by an employer falls outside the scope of the NMWCA, and therefore is not subject to its exclusivity provision. *See Richey v. Hammond Conservancy Dist.*, 2015-NMCA-043, ¶ 10, 346 P.3d 1183, 1186. However, these claims are different from negligence claims. *See Salazar v. Torres*, 2007-NMSC-019, ¶ 22, 158 P.3d 449, 455, 141 N.M. 559, 565 ("[In enacting the NMWCA,] the [L]egislature intended to protect employers from

negligence actions for accidental injury, not actions for intentional tort. Accordingly, an employer is protected from having to defend negligence lawsuits, but not against the expense of lawsuits grounded in intentional or willful behavior."). The motion to amend seeks only to amend his claim to allege common law negligence, not an intentional tort, *see* Doc. 38; the amendment therefore would be futile.

For the above reasons, the Court finds that amendment would be futile because Mr. Bradley's negligence claim would be subject to dismissal as amended. The Court DENIES Mr. Bradley's motion to amend (Doc. 38).

It is so ordered.

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections, but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)"). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both the factual and legal questions." *Id.* at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE