IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALEB BRADLEY,

    Plaintiff,

v.                                                             Case No. 1:25-cv-00030-SMD-LF

AMAZON,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Defendant Amazon.com Services LLC's ("Amazon") Partial Motion for Judgment on the Pleadings on Plaintiff's Fraud and Negligence Claims (Counts I and II), filed August 14, 2025. Doc. 48. Amazon seeks judgment on Mr. Bradley's first two counts, which claim fraud and negligence. *See* Doc. 1 at 7. The Honorable Sarah Davenport referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 47. Having reviewed the parties' submissions and the applicable law, I recommend that the Court GRANT Amazon's partial motion for judgment on the pleadings (Doc. 48) for the reasons discussed below.

## BACKGROUND AND LEGAL STANDARD

Mr. Bradley filed his complaint on January 10, 2025, alleging legal violations related to his time as an Amazon employee. Doc. 1. As relevant to the present motion, he alleged one count of fraud, which reads, "The Defendants violated 18 U.S.C. 1001, 18 U.S.C 1519, false claims Act and other state and federal laws by altering and concealing information in recorded documents," and one count of negligence, which reads, "The Defendants violated F.E.L.A federal and state laws by ignoring different types of safety standards provided by OSHA." Doc. 1

at 7. Mr. Bradley later attempted to amend his negligence claim to common law negligence rather than negligence under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, but the Court denied this motion because Mr. Bradley's negligence claim arises out of his time as an Amazon employee, for which the exclusive remedy is the New Mexico Workers' Compensation Act, and therefore amendment would be futile. Doc. 50 at 2–4. Mr. Bradley objected to this ruling, Doc. 53, and the presiding judge, Judge Davenport, overruled his objections, Doc. 59. The operative pleading therefore remains the original complaint, Doc. 1.

On August 14, 2025, Amazon filed its partial motion for judgment on the pleadings, seeking judgment on the fraud and negligence claims. Doc. 48. A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is evaluated under the same standard applicable to motions filed under Rule 12(b)(6)." *Wirth v. PHC-Las Cruces Inc.*, 553 F. Supp. 3d 920, 923 (D.N.M. 2021) (citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012)). The difference between a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion for judgment on the pleadings is that a motion to dismiss is filed before the pleadings are closed (i.e., before an answer is filed), while a motion for judgment on the pleadings is filed after the pleadings are closed. *Compare* FED. R. CIV. P. 12(b) *with* FED. R. CIV. P. 12(c). In either case, the underlying argument—that the plaintiff has failed to state a claim upon which relief can be granted—may be brought before the pleadings have closed, after the pleadings have closed but early enough not to delay trial, or at the trial itself. FED. R. CIV. P. 12(h).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). When ruling on a motion to dismiss, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in

the light most favorable to the plaintiff." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (internal quotation marks omitted). However, the Court need not accept legal conclusions as true. *Id.* (citation omitted).

## DISCUSSION

### I. Fraud (Count I)

Mr. Bradley alleges that the defendants violated 18 U.S.C. § 1001 (the crime of fraud and false statements) and 18 U.S.C. § 1519 (destruction, alteration, or falsification of records in Federal investigations and bankruptcy). Doc. 1 at 7. These statutes describe federal criminal offenses. Federal criminal offenses are to be prosecuted, if appropriate for prosecution, by the federal government. They are not enforceable by private citizens through a civil lawsuit. *See Andrew v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

Mr. Bradley also alleges violations of the False Claims Act. Doc. 1 at 7. The False Claims Act, 31 U.S.C. § 3729 *et seq.*, "imposes significant penalties on those who defraud the Government." *United Health Servs., Inc. v. United States*, 579 U.S. 176, 180 (2016). It specifically states that individuals who knowingly present false claims for payment, among other offenses, "is liable to the United States Government for a civil penalty." 31 U.S.C. § 3729. Mr. Bradley did not bring this action on behalf of the United States government, nor does he allege that Amazon defrauded or lied to the United States government in any way. *See Crumbley v. Fowler*, No. 2:21-cv-00911-KWR-SMV, 2021 WL 4864479, at *1 (D.N.M. Oct. 19, 2021) (dismissing plaintiff's False Claims Act claim for failure to state a claim when plaintiff "did not bring this action in the name of the Government, has not indicated that she served on the Government a copy of the complaint and written disclosure of substantially all material evidence and information she possesses, and has not filed the Amended Complaint in camera").

3

Although Amazon did not discuss Mr. Bradley's False Claims Act claim, "a district court may dismiss *sua sponte* a *pro se* complaint for failure to state a claim" when it is "patently obvious that the plaintiff could not prevail on the facts alleged" and amendment would be futile. *Whitney v. State of N.M.*, 113 F.3d 1170, 1173 (10th Cir. 1997). Here, because there is no indication whatsoever that Mr. Bradley has filed his fraud count on behalf of the United States government, and no other information in the complaint suggests that Mr. Bradley is acting on behalf of the United States government, it is patently obvious that a False Claims Act claim cannot succeed and that amendment would be futile. Accordingly, the Court will dismiss the False Claims Act claim *sua sponte*.

Mr. Bradley's first count also appears to bring a claim for fraud under New Mexico common law. Fraud claims have a heightened particularity standard under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud of mistake."). "The elements of fraud are a false representation, knowingly or recklessly made, with the intent to deceive, on which the other party acted to his detriment." *Robertson v. Carmel Builders Real Estate*, 2004-NMCA-056, ¶ 26, 135 N.M. 641, 650, 92 P.3d 653, 662 (N.M. Ct. App. 2003). To plead fraud with particularity, Rule 9(b) "requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud," including "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006).

Mr. Bradley states that one instance of fraud took place "by altering and concealing information in recorded documents." Doc. 1 at 7. He elaborates that when he sought to "write out my statements on incidents for write ups" on January 27, 2023, and March 9, 2023, the

defendants "changed the process to completely digital and would type what was stated by me in my words, show me what was typed to confirm, and document it." *Id.* at 8. In October 2023, Mr. Bradley "asked for my documents and was declined," and once he received the documents, he "found out that all of the documents had been altered," with "statements of mine removed" and words changed. *Id.* He alleges that his performance write-ups beginning September 7, 2023, have his "unit numbers crossed out." *Id.*

    This pleading is insufficient to establish fraud. For one, it does not indicate who made the false statements. Further, it is unclear what the false statements were: the complaint does not state which of Mr. Bradley's statements allegedly were removed or what "manager words" were included that should not have been. Additionally, it is unclear whether these "unreliable and suspicious" incident write-up records, *id.*, caused any injury to Mr. Bradley or led to any repercussions regarding his employment status.

    Mr. Bradley also alleges that he was "hurt on the job and filed for workers comp[ensation]." *Id.* He states that he requested time off to visit two doctors related to this injury on May 8, 2022, and May 12, 2022, and his manager altered the time he requested; another manager failed to change the request when Mr. Bradley asked about it. *Id.* He also alleges that he did not receive proper short-term disability payments and that his bill from the workers' compensation doctor included "a surgery that wasn't done and an overpriced procedure." *Id.*

    These statements, too, are insufficiently particular. No manager is named, but even if one were, the complaint does not allege what the alteration to the time request was, whether the manager intentionally falsified the request, or whether any aspect or consequence of this interaction harmed Mr. Bradley. It also is not clear whether Amazon or any of its employees or

5

agents are responsible for the bill from the workers' compensation doctor or whether the doctor, who is not a party to this action, billed the matter independently.

Nor do the attachments to Mr. Bradley's response, Doc. 52 at 4–28, clear matters up. In a motion for judgment on the pleadings, the Court rules on whether the *pleadings*—the complaint and any of its attachments, and the answer—are sufficient to proceed in the lawsuit. In ruling on a motion to dismiss or motion for judgment on the pleadings, the Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1201 n.3 (10th Cir. 2016). Here, Amazon has not discussed whether it disputes the authenticity of the documents attached to Mr. Bradley's response. The Court may not assume that their authenticity is undisputed, and the Court may not consider the documents when ruling on a motion for judgment on the pleadings. Even if the documents' authenticity *were* undisputed, the documents themselves do not show that that Mr. Bradley relied on any allegedly fraudulent statements to his detriment. Mr. Bradley only notes one specific statement that he believes is false, *see* Doc. 52 at 12 (noting that a particular statement "is a lie"), and he does not state what harm, if any, that statement caused him.

In short, the allegations in Mr. Bradley's complaint fail to meet the heightened pleading standard of Rule 9(b). I recommend that the Court grant the motion for judgment on the pleadings with respect to Mr. Bradley's fraud claim (Count I).

## II. Negligence (Count II)

Mr. Bradley alleges that after developing a shoulder injury due to workplace demands, he "made a case complaining about safety conditions and my injury" in May 2022. Doc. 1 at 10. He states that despite reporting this injury and visiting multiple doctors, including Amazon's

recommended doctor, he was "ignored and not told anything" about his case. *Id.* He states that he was "demoted and moved" in September 2023, and that he reported more workplace injuries including "dizziness, headaches, and bad unusual sinuses." *Id.* at 11. He states that the noise levels at "peak time" damaged his hearing, but that he was not properly trained in "sound safety and procedures," which ultimately led to temporary deafness in his right ear for about two weeks. *Id.* He asserts that Amazon violated FELA and state negligence law by ignoring the standards provided by the Occupational Safety and Health Act ("OSHA"). *Id.* at 7.

FELA is a statute enacted "to provide a compensation scheme for railroad workplace injuries, pre-empting state tort remedies." *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). It is directed at the conduct of "common carrier[s] by railroad." 45 U.S.C. § 51. Mr. Bradley does not allege that he was a railroad employee, nor does he claim that Amazon was a common carrier by railroad subject to FELA for the conduct alleged in this case. Rather, he states, "On the count of negligence a lot has already been said in the plaintiffs amend motion." Doc. 52 at 1. In his motion to amend, Mr. Bradley referred to his reliance on FELA as "an error" and stated that common law negligence "better suits the claim." Doc. 38 at 1. FELA clearly is not the appropriate statute under which to raise negligence claims in this instance.

State common law negligence, however, fares no better. In the Court's ruling on the motion to amend, it explained that the New Mexico Workers' Compensation Act ("NMWCA") provides the exclusive remedy for the negligence claims in this case because Mr. Bradley seeks to recover from work-related injuries. *See* Doc. 50 at 2–3. The exclusivity provision, which requires litigation through the workers' compensation administration rather than in state or federal court, applies

> when 1) the employer has complied with workers' compensation insurance coverage requirements, 2) at the time of the accident, the employee is performing

> service arising out of and in the course of his employment, and 3) the injury or death is proximately caused by an accident arising out of and in the course of his employment and is not intentionally self-inflicted.

*Id.* (citing and quoting *Finn v. Tullock*, 2023-NMCA-002, ¶ 3, 521 P.3d 1238, 1240–41). The second and third elements clearly are met by the allegations in the complaint, which make clear that any and all injuries occurred based on workplace conduct and, according to Mr. Bradley, due to unsafe workplace conditions rather than anything self-inflicted or intentional. *See* Doc. 1 at 10–11 (injuries occurred because "the demanding workloads along with long hours of lifting, bending, pushing, pulling, and unsafe working conditions caused [Mr. Bradley] to get hurt and almost need surgery on [his] shoulder, and during work Mr. Bradley "was . . . put in trucks" that were too hot and "was still forced to work" despite complaints). Other portions of Mr. Bradley's complaint discuss his experience filing for workers' compensation, *see id.* at 8–9, which suggests that Amazon had complied with workers' compensation insurance coverage requirements such that workers' compensation was available to Mr. Bradley based on his employment and injuries working for Amazon. The negligence allegations in Mr. Bradley's complaint therefore fall within the exclusive scope of the NMWCA and are not appropriate subjects to litigate in federal court.

      The Court does not interpret Mr. Bradley's complaint as raising a negligence claim *under* OSHA; rather, Mr. Bradley appears to argue that the failure to follow OSHA standards was the basis for federal and state negligence claims. *See* Doc. 1 at 7. In the interest of thoroughness, the Court notes that if Mr. Bradley is raising a claim for OSHA violations themselves, that cause of action cannot proceed: "OSHA does not create a private cause of action on behalf of injured workers." *Morales v. Supreme Maintenance, Inc.*, No. 1:21-cv-01044-KWR-JHR, 2022 WL 2290605, at *5 (D.N.M. June 24, 2022).

For the above reasons, I recommend that the Court GRANT Amazon's motion for judgment on the pleadings with respect to Mr. Bradley's negligence claim (Count II).

## CONCLUSION

I recommend that the Court GRANT Amazon's partial motion for judgment on the pleadings (Doc. 48).

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id*. In other words, if no objections are filed, no appellate review will be allowed.

---

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE