IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALEB BRADLEY,

       Plaintiff,

v.                                   Case No. 1:25-cv-00030-SMD-LF

AMAZON,

       Defendant.

**OMNIBUS ORDER**

This matter comes before the Court on 1) Mr. Bradley's Motion to Amend (Doc. 65); 2) Amazon.com Services, LLC's ("Amazon") Motion to Strike (Doc. 67); and 3) Mr. Bradley's Motion for Supplement (Doc. 69). The Court rules on each of these motions below.

**I.      Motion to Strike (Doc. 67)**

Amazon moves to strike the supplement to Mr. Bradley's motion to amend. Doc. 67 (moving to strike Docs. 66, 66-1). The Court begins with the motion to strike so that in ruling on the motion to amend, the Court knows whether to consider the supplements.

Amazon argues that certain pages[1] in Mr. Bradley's supplement are marked as "confidential" or "privileged and confidential." Doc. 67 at 2. The parties' protective order contains procedures regarding the filing of confidential information, including in this instance 1) redacting it with Amazon's consent, 2) submitting it solely for in camera review, or 3) seeking

---

[1] Amazon argues that pages 28–36, 48–55, 67–79, 101–02, 111–16, 119–29, 173–81 [Doc. 66-1 at 37–45], 193–200 [Doc. 66-1 at 57–64], 212–24 [Doc. 66-1 at 76–88], 246–47 [Doc. 66-1 at 110–111], 256–61 [Doc. 66-1 at 120–25], and 264–79 [Doc. 66-1 at 128–43] are marked "confidential" and that pages 18, 44, 45, 56, 57, 86, 160 [Doc. 66-1 at 24], 189 [Doc. 66-1 at 53], 190 [Doc. 66-1 at 54], 201 [Doc. 66-1 at 65], 202 [Doc. 66-1 at 66], and 231 [Doc. 66-1 at 95] are marked "privileged and confidential." Doc. 67 at 2. The Court notes that the pages Amazon cites are all marked as it describes with the exception of Doc. 66-1 at 139–43; these pages have no "confidential" label.

permission to file the document under seal. *See* Doc. 40 at 7. Mr. Bradley filed the disputed pages without redaction and without seeking to seal them. Accordingly, Amazon "requests that the Court strike the [supplement] and order Plaintiff to comply with the Protective Order's prohibitions on filing confidential information going forward." Doc. 67 at 4.

Mr. Bradley responds that the information in his supplement "was not extremely sensitive information" such as an address or Social Security number. Doc. 71 at 2. He argues that "trying to strike a lot of the evidence is along the lines of intentional spoliation of evidence" and that filing the information unredacted "create[s] clarity, show[s] transparency, and serve[s] justice." *Id.* Amazon responds that it does not seek to destroy evidence, but to remove them from the record in unredacted, unsealed form and replace them with redacted or sealed versions pursuant to the requirements of the parties' protective order. Doc. 72 at 1.

The Court has reviewed the pages to which Amazon cites and observes that they are all marked as Amazon describes with the exception of Doc. 66-1 at 139–43, which are not labeled "confidential." Mr. Bradley does not argue that the pages do not qualify for confidentiality under the terms of the parties' protective order; rather, he argues that they are not sufficiently sensitive to merit redaction. But Mr. Bradley agreed to the terms of the protective order, knowing that it designated a broader scope of information as confidential than the highly sensitive examples he cites. *See* Doc. 40 at 11 (Mr. Bradley's electronic signature). Therefore, Mr. Bradley must comply with the terms of the agreement he signed, including its redaction and sealing provisions.

Federal Rule of Civil Procedure 37(b)(2)(A)(iii) grants the Court authority to issue sanctions for discovery violations in the form of "further just orders," including "striking pleadings in whole or in part." Here, Amazon notified Mr. Bradley of the confidential nature of the documents and its intention to file a motion to strike and request sanctions, and Mr. Bradley

responded that he would not withdraw the filing because it was "relevant" and "important." Doc. 67-1 at 2. The relevance and importance of the documents do not bear on their confidential nature. Because Mr. Bradley was notified and chose not to take steps to rectify his breach of the confidentiality agreement, the Court will impose the requested sanction of striking the supplements.

The Court GRANTS the motion to strike. Documents 66 and 66-1 will be removed from the docket. Mr. Bradley is admonished to comply with the terms of the protective order in any future filings that involve documents marked as confidential and/or privileged.

## II.    Motion to Supplement (Doc. 69)

Mr. Bradley filed a "motion for supplement" (Doc. 69) seeking to attach a draft of his amended complaint to his motion to amend (Doc. 65); the Court understands this as an effort to comply with D.N.M.LR-Civ. 15.1, which requires that a proposed amended complaint be attached to a motion to amend. Amazon filed no objection to this motion. Accordingly, the Court GRANTS the Motion to Supplement (Doc. 69) and will consider Mr. Bradley's proposed amended complaint alongside his motion to amend.

## III.    Motion to Amend (Doc. 65) and Mr. Bradley's Supplement (Doc. 70)

Mr. Bradley moves to amend his complaint. Doc. 65. He seeks to add three new claims: "[i]ntentional fraud, intentional infliction of emotional damage, and intentional defamation." *Id.* at 2. As discussed above, the Court considers the contents of Doc. 69, which contains a proposed amended complaint, as part of Mr. Bradley's motion to amend.

Amazon responds that Mr. Bradley "lacks good cause to amend out of time" and that amendment would be futile. Doc. 68 at 1–2. Mr. Bradley filed a reply, which he labeled as a "supplement," in which he argues the merits of his claims. Doc. 70. He says little about

3

timeliness in his reply except that "[d]uring the time of the first amendment there wasn't discovery evidence and facts were missing." and "[i]t was also a little too early for the 12c motion and was made in error. Also intentional torts weren't the main discussion." *Id.* at 4.

At the Rule 16 Initial Scheduling Conference, the Court set a deadline for Mr. Bradley to move to amend his complaint by May 16, 2025. Doc. 31 at 2. He filed his motion to amend on December 1, 2025, over six months after this deadline. Doc. 65. Amendments after a scheduling order require good cause. *Gorsuch, Ltc., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). Good cause requires a movant to show that he could not meet the scheduling deadlines despite his "diligent efforts"—for example, when he "learns new information through discovery or if the underlying law has changed." *Id.* at 1240. Separately, a movant also must meet the requirements of Rule 15; a motion to amend may be denied based on untimeliness, futility, prejudice, and other factors. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204–05 (10th Cir. 2006).

As the Court interprets the motion to amend, Mr. Bradley appears to be trying to meet the heightened particularity standard of Rule 9(b) for his former Count I (Fraud), for which the Court has granted judgment on the pleadings. *See* Docs. 64, 79. Mr. Bradley now includes some additional names, such as the workers' compensation doctor, Athanasios Manole, and the workers' compensation case manager, Tram Nguyen. Doc. 65 at 2. His motion to amend contains long paragraphs of single-spaced factual and legal assertions blending his arguments for multiple claims. *See generally id.*

Mr. Bradley's proposed amendment must fail for a variety of reasons. First, it is untimely, and Mr. Bradley has not demonstrated good cause to modify the scheduling order. He claims that he acquired new information in discovery, justifying his belated amendment. Doc. 65 at 1. But

Mr. Bradley does not explain what information is newly acquired from discovery and what information he could not have accessed before with reasonable diligence. He simply lists pages of information without context. As the party seeking to amend, he bears the burden of proving that he could not have met the scheduling order deadlines despite his diligent efforts, and he has not done so. *See Gorsuch*, 771 F.3d at 1240.

Further, even if the Court permitted Mr. Bradley to amend after the deadline set in the scheduling order, amendment would be futile. As already established, Mr. Bradley's allegations that his employer handled his workers' compensation claim in bad faith are, themselves, workers' compensation claims subject to the exclusive remedy of the New Mexico Workers' Compensation Act ("NMWCA"). *See* Doc. 50 at 3. Mr. Bradley can attempt to reframe this alleged mishandling as fraud, intentional infliction of emotional distress, defamation, negligence, or any number of other torts, but what matters is that he alleges a work-related injury subject to the exclusivity provision of the NMWCA. To the extent that his amendments pertain to the mishandling of a workers' compensation claim, they remain futile.

To the extent that Mr. Bradley attempts to revive his fraud claim based on allegations unrelated to his workers' compensation claim, the amended complaint also is futile. Mr. Bradley has included more detail, presumably in an attempt to satisfy the particularity requirement. He alleges that there were "discussions and lies that were being told behind the plaintiff's back," including team members "having conversations about the plaintiff's case but never relaying the message to him." Doc. 65 at 4. He alleges that he was demoted "with no explanation," was written up because of others' errors, and that when he gave his statement, "the footage had been cut and parts of the plaintiff[']s statements were deleted." *Id.* at 4–5. These and related instances of poor communication and record-keeping do not meet the legal definition of fraud, which

would require Amazon to make a knowing or reckless false representation to Mr. Bradley with the intent to deceive him, and on which Mr. Bradley acted to his detriment. *See Robertson v. Carmel Builders Real Estate*, 2004-NMCA-056, ¶ 26, 92 P.3d 653, 662, 135 N.M. 641, 650. These allegations do not involve Amazon deceiving Mr. Bradley or Mr. Bradley believing and relying on something that Amazon lied to him about; rather, they involve Amazon acting in ways Mr. Bradley found opaque or procedurally unfair.

Mr. Bradley's other allegations of fraud follow a similar pattern: that his complaints of discrimination and retaliation were not logged or addressed, Doc. 65 at 5, that his religious accommodation request was denied, *id.* at 6, that harassment allegations were made against Mr. Bradley and that he faced retaliation in the form of unwarranted performance write-ups despite a finding that he did not violate company policy, *id.* at 6–7, that he received other unfair write-ups and that his statements were absent or partially deleted, *id.* at 7, that he was investigated for harassment and that the complainant's statements about his behavior were not accurate, *id.* at 8, and that the harassment investigation was procedurally unfair, *id.* Simply put, these are not fraud. Pleading false or incomplete recordkeeping is not, on its own, sufficient to plead fraud: a fraud claim must involve a defendant knowingly or recklessly intending to deceive the plaintiff. Accordingly, Mr. Bradley's fraud allegations are futile and the Court will not allow amendment.

Mr. Bradley's attempts to add claims of defamation and intentional infliction of emotional distress fare no better. Defamation requires, among other elements, "a published communication by the defendant." *Young v. Wilham*, 2017-NMCA-087, ¶ 55, 406 P.3d 988, 1007. It also requires the communication to cause "actual injury to the plaintiff's reputation." *Id.* Mr. Bradley does not allege that his disciplinary records or write-ups were published to any third party, let alone that such publication caused him an actual reputational injury. Intentional

infliction of emotional distress requires "extreme and outrageous" conduct—that which "is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Trujillo v. N. Rio Arriva Alec. Co-op, Inc.*, 2002-NMSC-004, ¶ 25, 41 P.3d 333, 342–43, 131 N.M. 607, 616–17. Firing a person can only satisfy this requirement in "extreme circumstances." *Id.* ¶ 27. Inaccurate record-keeping and demotion, even if based on incomplete or inaccurate facts, does not constitute extreme and outrageous conduct sufficient to plead intentional infliction of emotional distress. As a result, the defamation and intentional infliction of emotional distress claims are futile and amendment is improper.

## CONCLUSION

The motion to strike (Doc. 67) is granted. The motion to supplement (Doc. 69) also is granted.

For the above reasons, the proposed amendment is untimely, with insufficient explanation to justify good cause to amend the scheduling order, and the amendment also would be futile. The motion to amend (Doc. 65) therefore is denied.

It is so ordered.

---

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)."  D.N.M.LR-Civ. 73.1(a).  "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy."  FED. R. CIV. P. 72(a).  The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  If objections are timely filed, the district judge must consider the objections, but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law."  FED. R. CIV. P. 72(a).  If objections are not timely filed, the firm waiver rule applies.  *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)").  "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both the factual and legal questions."  *Id.* at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

---

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

8