IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALEB BRADLEY,

        Plaintiff,

v.                                         Case No. 1:25-cv-00030-SMD-LF

AMAZON,

        Defendant.

## ORDER

This matter comes before the Court on 1) Mr. Bradley's motion to seal, filed April 28, 2026 (Doc. 85); 2) Mr. Bradley's second motion to seal, filed May 1, 2026 (Doc. 88); and 3) Amazon.com Services LLC's ("Amazon") motion to strike, filed May 12, 2026 (Doc. 91). Having reviewed the parties' submissions and the applicable law, the Court GRANTS all three motions for the reasons discussed below.

### I.      Motions to Seal (Docs. 85 and 88)

The protective order in this case (Doc. 39-1) requires Mr. Bradley to redact or move to seal certain documents before filing them on the docket. Here, he has complied with that obligation by moving to seal the documents he filed. Docs. 85, 88. Mr. Bradley's motions to seal are brief. The Court surmises that he seeks to seal his filings, Docs. 86 and 89, because they contain information designated confidential pursuant to the parties' stipulated protective order, Doc. 39-1. Amazon has filed no opposition to these motions and the deadline to do so has passed. The failure to file and serve a response in opposition to a motion constitutes consent to grant the motion pursuant to the Local Rules. D.N.M.LR-Civ. 7.1(b). The documents appended to Docs. 86 and 89 contain information protected under the scope of the parties' stipulated protective order, including, among other things, records of the sexual harassment allegations against Mr.

Bradley and the ensuing investigation. These records include the names of employees who are not parties to this case, including the names of alleged victims and witness statements regarding the alleged harassment. *See* Doc. 39-1 at 1–2 (defining such items as confidential).

Although the public has a common-law right of access to judicial records, this right "is not absolute" and "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Here, the public interest in the investigative files, including the names of non-parties to this case who are alleged victims of sexual harassment, is minimal in comparison to the privacy concerns those documents implicate for the non-parties.[1] To protect the identities of those non-parties, the Court GRANTS the motions to seal (Docs. 85, 88).

## II.    Motion to Strike (Doc. 91)

In addition to his sealed filings, Mr. Bradley has filed redacted versions of the sealed filings on the public docket. *See* Docs. 87, 90. However, these reactions are imperfect; the names of the alleged victims appear repeatedly despite redaction elsewhere. *See, e.g.*, Doc. 87 at 99, 118, 120. Amazon moves to strike the redacted, public filings because they contain many pages

---

[1] Not every page of Mr. Bradley's filings contains sealable information. In light of the public's right to access court records, the Court has considered the option of requiring redactions or of separating the filings into portions which are sealed and portions which are public. However, Mr. Bradley has filed well over two hundred pages of documents. *See* Doc. 86 (in which pages 22–147 are exhibits), Doc. 89 (in which pages 21–144 are exhibits). Mr. Bradley has not moved for, and the Court has not granted, permission to exceed the page limit, nor has he provided any indication that Amazon has agreed to such an extension of the page limit. *See* D.N.M.LR-Civ. 10.5 (limiting exhibits to fifty pages except by agreement of all parties). It is an imprudent use of judicial resources for the Court to comb through these excess pages to determine what individual pages should be sealed, let alone to determine whether separating the sealable portions would result in a coherent filing. The Court normally would require Mr. Bradley to perform this exercise as the party filing the sealable information, but Mr. Bradley has demonstrated that his compliance with redaction requirements is inconsistent at best. *See infra.* The Court therefore does not believe that a page-by-page consideration is appropriate in this specific case. Accordingly, the Court will allow the document as a whole to remain sealed.

that Amazon marked as confidential. Doc. 91. Mr. Bradley responds that he has "fully redacted the sensitive information," and that not every page marked confidential contains sensitive information. Doc. 96 at 3. It may be true that not every page marked "confidential" meets the heightened standard for *sealing*, see n.1, but the question of whether a document should be sealed or not is for the Court to decide. That is why parties are required to move to seal docket entries, as Mr. Bradley did for his sealed filings. The protective order does not allow Mr. Bradley to decide unilaterally that he can file pages marked confidential as long as they are redacted to *his* satisfaction. Rather, the protective order only allows filing a redacted document "with the consent of the party who designated the document as confidential." Doc. 39-1 at 7. Mr. Bradley has not obtained that consent here, as evidenced by Amazon's motion to strike, so his redacted filings are in violation of the protective order. This is Mr. Bradley's second violation of the protective order. The Court strongly admonishes him to review the requirements of the protective order, including that of page 7, which specifically outlines the process for filing materials that contain information designated as confidential.

The Court will GRANT the motion to strike (Doc. 91). Documents 87 and 90, the incompletely redacted public filings, will be removed from the docket. Documents 86 and 89, the sealed and unredacted versions of those documents, will remain sealed and accessible to the parties but not to the public.

It is so ordered.

3

**THE PARTIES ARE NOTIFIED** that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections, but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)"). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both the factual and legal questions." *Id.* at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

_____

LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

4